**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4020
_____

NEW JERSEY CHINESE COMMUNITY CENTER; JIMMY HWANG,

Appellants

v.

TOWNSHIP OF WARREN; TOWNSHIP OF WARREN TAX ASSESSOR'S OFFICE;
JEFFREY B. LEHRER; JOHN T. CHADWICK; JONATHAN HEISS; EDWARD
KERWIN, JR.; ADRIANA MCKENNA; JOHN DOES 1-10; ABC ENTITIES 1-10

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-15-cv-07368)
District Judge: Honorable Peter G. Sheridan
_____

Submitted under Third Circuit LAR 34.1(a)
May 8, 2017

Before:  AMBRO, RESTREPO, and NYGAARD, <u>Circuit Judges</u>

(Filed: October 6, 2017)
_____

OPINION[*]

RESTREPO, <u>Circuit Judge</u>

_____

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

Appellants, New Jersey Chinese Community Center ("the Center") and Jimmy Hwang ("Hwang"), filed this lawsuit against the Township of Warren ("Township") and various municipal officers challenging land-use decisions which they allege unlawfully prevented them from using their property in the manner they desired. Appellants allege violations of their federal and state rights, including violations under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. The District Court granted appellees' motion to dismiss, and appellants subsequently filed a motion to reopen the case. By Order entered October 26, 2016, the District Court denied the motion to reopen, and appellants appeal from that Order. For the reasons which follow, we affirm.

## I.[1]

Hwang alleges he was the Principal of the Elite Preparatory Academy, a private school owned and operated by the Center. In June 2009, the Warren Township Zoning Board of Adjustment ("Zoning Board") granted Hwang a variance permitting construction of a single-family residence on his property ("the Property"). A single-family dwelling is defined in the Township's zoning ordinance as a detached building designed for and occupied exclusively by one family.

Hwang submitted plans to the Township for a single family dwelling ("the Building"), the plans were approved, and the Building was constructed in accordance

---

[1] We write exclusively for the parties and therefore set forth only those facts that are necessary for our disposition.

2

with the plans. In September 2014, Hwang transferred ownership interest in the Property to the Center.

In October 2014, Hwang applied for a Certificate of Occupancy ("CO") for the Building. At about the same time, the Center submitted to the Township's tax assessor's office an application for tax exemption on the Property because it wanted to use the Building, among other things, as a student dormitory and for other school functions. In November 2014, a zoning officer denied Hwang's request for a CO on the basis that the intended usage was inconsistent with the use granted by the Zoning Board and that if the Building was going to be used as a dormitory, a proper use variance would be required.

Instead of appealing that decision to the Zoning Board, appellants filed in the Law Division of the Superior Court of New Jersey a Verified Complaint In Lieu of Prerogative Writs for an Order to Show Cause why injunctive relief should not be granted against the Warren Township Construction Office and seeking an Order compelling the Township to issue a CO for the Property to be used as a single-family home. On March 6, 2015, following a hearing on the Order to Show Cause, the Superior Court denied the requested injunctive relief, noting that Hwang had transferred the Property interest to the Center and that the Center had still not withdrawn its application for tax-exempt status. The Court noted, however, that plaintiffs would be permitted to proceed with their verified Complaint in the Superior Court as if it were filed without an Order to Show Cause. The Superior Court also clarified that for the Court to consider ordering the requested relief: (1) the Property interest would have to be transferred back to Hwang

3

because plaintiffs' counsel had represented that the Property was to be Hwang's residence; and (2) the Center would also have to withdraw its application for tax-exempt status.

The parties then filed cross-motions for summary judgment in the Superior Court, and on May 29, 2015, the Superior Court granted the Township's motion for summary judgment and denied plaintiffs' cross-motion because plaintiffs had not exhausted administrative remedies and because they had not demonstrated the intention to make conforming use of the Property sufficient to justify zoning approval. In support of its decision, the Superior Court noted that plaintiffs had failed to appeal to the Zoning Board from the zoning officer's denial of the CO, and hence there was not any final agency action. The Court also declined to address plaintiffs' constitutional challenges inasmuch as plaintiffs had not even applied for the requested use variance to permit them to use the Building for a student dormitory, let alone been rejected. On appeal to the Appellate Division of New Jersey's Superior Court, by per curiam Opinion decided July 22, 2016, the Court affirmed the denial of relief substantially for the reasons expressed by the trial judge. *See N.J. Chinese Cmty. Ctr. v. Warren Twp. Constr. Office*, 2016 WL 3943396 (N.J. Super. Law Div. July 22, 2016).

Well prior to the Superior Court's July 22, 2016 disposition of plaintiffs' appeal, they initiated this civil action in the District Court on October 8, 2015, and on November 12, 2015 they filed their Amended Complaint. Thereafter, appellees filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), or alternatively Rule 12(b)(6). Following

4

oral argument, the District Court granted appellees' motion and dismissed appellants' Amended Complaint without prejudice. Plaintiffs then filed a motion for reconsideration and to reinstate the Complaint, and the Court denied that motion.

Shortly thereafter, appellants filed a motion to reinstate their Complaint requesting to reopen the case. The District Court held oral argument, and for the reasons set forth on the record at oral argument, denied appellants' request to reopen the case.[2] Appellants appeal that Order denying plaintiffs' motion to reopen the case.

## II.[3]

Appellees argue that because appellants declined to avail themselves of available administrative review from the land-use decisions that appellants challenge here, the finality rule requires that we affirm the District Court's denial of the motion to reopen the case because the issues raised by appellants never became ripe for adjudication. We agree.[4]

"It is well established that, in cases involving land-use decisions, a property owner does not have a ripe, constitutional claim until the zoning authorities have had 'an

---

[2] Appellants have failed to provide a transcript of the oral argument on plaintiffs' motion to reopen the case.

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

[4] "We have held that ripeness of issues of adjudication is a matter we must raise and examine independently of the parties' wishes." *Suburban Trails, Inc. v. N.J. Transit Corp.*, 800 F.2d 361, 365 (3d Cir. 1986). "[T]he question of ripeness is generally viewed as a question of law." *Felmeister v. Office of Att'y Ethics*, 856 F.2d 529, 535 n.8 (3d Cir. 1988).

5

opportunity to arrive[] at a final, definitive position regarding how [they] will apply the regulations at issue to the particular land in question.'" *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 597 (3d Cir. 1998) (citing *Taylor Inv., Ltd v. Upper Darby Twp.*, 983 F.2d 1285, 1291 (3d Cir. 1993)) (internal quotation marks and citation omitted); *see Taylor Inv.*, 983 F.2d at 1291 (quoting *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 191 (1985)). Thus, property owners' constitutional claims based upon land-use decisions are not properly before us where the owners are denied permits by the initial decision-makers but do not avail themselves of available, subsequent procedures. *Sameric Corp.*, 142 F.3d at 597; *see Acierno v. Mitchell*, 6 F.3d 970, 974-75 (3d Cir. 1993) (owner failed to appeal denial of building permit to the Board of Adjustment or seek a variance); *Taylor*, 983 F.2d at 1289 (plaintiffs failed to appeal to the Township Zoning Board from the revocation of a use permit); *Midnight Sessions, Ltd. v. City of Phila.*, 945 F.2d 667, 686 (3d Cir. 1998) (holding that plaintiff's claim was not ripe where it did not appeal the denial of a CO to the review board). Indeed, in *Sameric* we "again stress[ed] the importance of the finality requirement and our reluctance to allow the courts to become super land-use boards of appeals." *Sameric*, 142 F.3d at 598.

Here, appellants did not appeal the denial of the CO to the Zoning Board, and the denial was therefore not the Township's final determination of appellants' rights. *See, e.g., Sameric Corp.*, 142 F.3d at 597. Moreover, as New Jersey's Superior Court noted in declining to address the constitutional challenges raised by plaintiffs, they never applied

for the requested use variance to permit them to use the Building for a student dormitory, let alone received a final determination by the Township, utilizing the Township's appeal process, regarding appellants' requested land use. Judicial review of the Township's denial of appellants' requested use of their land "would be inappropriate because it would permit [appellants] to have denied the [Township] the opportunity to render a final decision" regarding the challenged actions. *See Sameric*, 142 F.3d at 598.[5]

## III.

Accordingly, for the foregoing reasons, we affirm the Order of the District Court denying appellants' motion to reopen the case.[6]

---

[5] The fact that appellants may have abandoned their Township appeal or, in other words, that appellants' claims are not simply "premature," *see Taylor*, 983 F.2d at 1287, but rather never will ripen, does not affect the disposition of this case on the basis of the finality rule. *See, e .g., Sameric*, 142 F.3d at 598 (noting that our Court was affirming, based on the finality rule, the grant of summary judgment on a claim alleging the City improperly denied a demolition permit, despite plaintiff ensuring its claim never could be ripe because it abandoned its appeal from the initial denial of the permit after plaintiff sold the property).

[6] Because we affirm the denial of the motion to reopen based on the finality rule, we need not address the additional grounds raised by appellees in support of an affirmance, including the *Rooker-Feldman* doctrine, res judicata, and claim preclusion.